NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                    :
ROYAL INDEMNITY COMPANY ,           :
                                    :
            Plaintiff,              :    Civil No. 07-2048 (RBK)
                                    :
       v.                           :    **OPINION**
                                    :
ADMIRAL INSURANCE CO. INC. AND      :
MONITOR LIABILITY MANAGERS          :
INC.,                               :
                                    :
                                    :
            Defendants.             :
_____ :

**KUGLER,** United States District Judge:

This matter comes before the Court on motion by Defendants Admiral Insurance Co. Inc. and Monitor Liability Managers Inc. to transfer venue or dismiss and on cross-motion by Plaintiff Royal Indemnity Company to remand the case to the Superior Court of New Jersey. This Court has jurisdiction over this case but must abstain from hearing it, and therefore for the reasons set out below, Plaintiff's motion is granted.

**I.     BACKGROUND**

This dispute between two national insurance companies is set against the backdrop of the bankruptcy of a company named Cool Partners, Inc., an internet services provider based in Dallas, Texas. Defendant Admiral Insurance provided officers' and directors and corporate

1

liability insurance to Cool Partners; the policy was originally for $2 million in primary coverage, which Cool Partners later increased to $5 million. Cool Partners also purchased $5 million in excess insurance coverage from Plaintiff Royal Indemnity.

On January 21, 2002, Cool Partners voluntarily filed for Chapter 7 bankruptcy in the Bankruptcy Court for the Northern District of Texas. (Matousek Decl. Ex. 1-C.) Consequently, the company's investors and creditors filed suit against the company, for which Cool Partners sought coverage from its insurance providers. (Matousek Decl. Ex. 1-C.) To resolve the underlying and the coverage suits, a mediation was held on September 30, 2005. (Def.'s Transfer Br. 3.) This mediation resulted in a settlement between Admiral, as the primary insurance carrier, and the Trustee of the bankruptcy estate. According to Admiral, this settlement meant that Admiral would pay out the full amount of Cool Partners' remaining insurance policy. Because Admiral would then have exhausted its policy limits, the excess Royal policy would then be exposed for claimants seeking recovery from the estate. Admiral additionally agreed with the trustee "that certain claims of third parties in the Cool Partners bankruptcy would be transferred to an Admiral affiliate designee [Monitor] and allowed by the Bankruptcy Court, permitting the Admiral affiliate designee potentially to recover amounts from the Cool Parnters bankruptcy estate, subject to a maximum cap of $1 million." (Def.'s Transfer Br. 3-4.) This recovery is termed the "Salvage Recovery." Royal similarly entered into a settlement agreement at this time with the Trustee. The Admiral agreement also included an indemnity clause; the Trustee pledged to indemnify Admiral against claims from third parties that Admiral had not acted in good faith or fully satisfied its obligations.

The United States Bankruptcy Court for the Northern District of Texas held a hearing on

December 20, 2005 regarding the proposed Admiral Settlement. The Trustee of the bankruptcy estate, as well as counsel for Royal and Admiral, were at this hearing. At this hearing, counsel for Royal "reserved its rights" with regard to Admiral's exhaustion of its policy limits. Judge Harlin Hale approved the Admiral settlement agreement and the Royal settlement agreement. The orders approving these agreements became final, and no objections were filed.

Royal filed this case against Admiral in the Superior Court of New Jersey in Camden County on March 20, 2007. Royal claims that Monitor's ability to acquire the Salvage Recovery means that Admiral did not actually exhaust its policy limits and so Royal's coverage should not have been touched. Royal seeks to claim any amounts received by Admiral or Monitor. Admiral filed a Notice of Removal on May 1, 2007, and these cross-motions followed shortly thereafter.

It is clear that neither of the parties wants this case to proceed before this Court–the problem, of course, is where it must go. Plaintiff Royal seeks a remand to the Superior Court of New Jersey, claiming that it invokes only state law causes of action in its claims against Admiral and is not seeking to disrupt the bankruptcy estate. Defendant Admiral seeks to have the case transferred to the Bankruptcy Court in the Northern District of Texas, arguing that the claims here are part of the bankruptcy case and that any judgment against it would necessarily come out of the bankruptcy estate.

## II.     DISCUSSION

### A.     Preliminary Issues

#### i.     Home Court Presumption

Defendants argue that the Bankruptcy Court for the Northern District of Texas is the "home court" for this proceedings, and that the "home court presumption" means that the Court

should make the decision to transfer venue first and, assuming transfer is appropriate, leave the determination whether remand is required to the Bankruptcy Court.  (Def.'s Opp'n to Pl.'s Remand Br. 13-14.)  The Court disagrees.  Jurisdiction is a threshold issue.  Defendants's argument that "all litigation related to a bankruptcy action should be decided in the bankruptcy court" merely begs the question of whether this litigation is in fact related to the pending bankruptcy action.  Indeed, in the case Defendant cites in support of the home court presumption, the District Court first analyzed whether it had appropriate jurisdiction over the claims before discussing whether to transfer them to a bankruptcy court in another venue.  Hohl v. Bastian, 279 B.R. 165, 171-77 (W.D. Pa. 2002).  The Court must answer the jurisdictional question before it can consider transferring the case.  See also In re Grace Community, Inc., 262 B.R. 625, 628-29 (Bankr. E.D. Pa. 2001).

### ii.     Procedural Defects

Plaintiff argues that defects in Defendant's removal procedure mandate remand, noting that some of the accompanying documents were not filed with the Notice of Removal.  While the removal procedure was flawed, this defect is not jurisdictional.  See Ariel Land Owners, Inc. v. Dring, 351 F.3d 611, 614 (3d. Cir. 2003) ("an irregularity in removal of a case to federal court is to be considered 'jurisdictional' only if the case could not initially have been filed in federal court") (citing Korea Exch. Bank v. Trackwise Sales Corp., 66 F.3d 46, 50 (3d Cir. 1995)); Efford v. Milam, 368 F. Supp. 2d 380, 383 (E.D. Pa. 2005).  Remand will not be based on this ground.

### B.     Jurisdiction

The Court must first decide if there is subject matter jurisdiction over this case.  If not,

the case must be remanded to the state court in which it was filed. Jurisdiction may be found under (a) 28 U.S.C. § 1332 if the parties are diverse or (b) 28 U.S.C. § 1331 if the proceeding falls within those permitted by 28 U.S.C. § 1334.

### i.     Diversity Jurisdiction

In order for a federal court to have jurisdiction over a dispute founded on state law, all plaintiffs must be completely diverse from all defendants. See 28 U.S.C. § 1332; Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996). Plaintiff and both Defendant companies are citizens of Delaware. (Pl.'s Remand Br. 7.) Therefore, diversity jurisdiction cannot apply.

### ii.     28 U.S.C. § 1334

Cases in federal bankruptcy court are brought under the substantive provisions of title 11 of the United States Code. Federal bankruptcy jurisdiction is defined by 28 U.S.C. § 1334, which provides that the district courts have "original and exclusive jurisdiction of all cases under title 11", and "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. §§ 1334(a), (b). "Cases under title 11" include only bankruptcy petitions themselves. In re Marcus Hook Dev. Park., Inc., 943 F.2d 261, 267 (3d Cir. 1991). If Royal's claims are "proceedings arising under title 11, or arising in or related to a case under title 11" then such claims enjoy federal subject matter jurisdiction and can be heard in federal court. 28 U.S.C. §1334(b). Though the parties use the "core/non-core" distinction found in 28 U.S.C. § 157 to discuss jurisdiction, § 157 standing alone does not grant federal subject matter jurisdiction. Instead, it further categorizes those cases over which the federal court can exercise jurisdiction. The first analysis must be whether the claims at issue fall under the jurisdictional grant of § 1334. See Unavalores Ltd. v. Bennett, Civ. No. 05-5859, 2006

U.S. Dist. LEXIS 70836 (Sept. 29, 2006 D.N.J); In re New Knight, Inc., 291 B.R. 367, 370 n.1 (Bankr. E.D. Pa. 2003).

The category of "civil proceedings arising under title 11, or arising in...a case under title 11" include contested matters that occur within the case. Such proceedings do not rely on the bankruptcy code itself to create a cause of action but instead involve the administration of the bankruptcy estate, including "administrative matters, orders to turn over property of the estate and determinations of the validity, extent, or priority of liens." Stoe v. Flaherty, 436 F.3d 209, 216 (3d Cir. 2006) (quoting 1 Collier on Bankruptcy § 3.01 at 3-31). Such cases have no existence outside of the bankruptcy proceedings. Id.

Proceedings arising under or arising in a title 11 bankruptcy case are in contrast with proceedings merely "relating to" a bankruptcy case. The Court can exercise jurisdiction over claims relating to a bankruptcy case; however, such proceedings will be "non-core" proceedings, as set out in 28 U.S.C. § 157, while proceedings arising under or in a title 11 case will be "core" proceedings. Though the District Court has jurisdiction over both core and non-core proceedings, there are practical effects from this distinction. A bankruptcy court may only exercise jurisdiction over non-core proceedings with the consent of the parties, and mandatory abstention under 28 U.S.C. § 1334(c)(2) may apply only to proceedings related to a bankruptcy case.

   iii.  **Application of § 1334**

A proceeding arises under title 11 if "the Bankruptcy Code creates the cause of action or provides the substantive right invoked." Stoe, 436 F.3d at 217. Royal's complaint states claims under principles of subrogation, unjust enrichment, failure to exhaust or settle, and

misrepresentation.  None of these rely on the Bankruptcy Code to provide relief.  The proceeding cannot be construed as arising under title 11.

Claims arising in a title 11 case are "claims that by their nature, not their particular factual circumstance, could only arise in the context of a bankruptcy case." Stoe, 436 F.3d at 218.  Defendant argues that Plaintiff is essentially attempting to relitigate issues that were already decided in the Cool Partners bankruptcy case.  (Def.'s Opp'n. to Pl.'s Remand Br.)   Even assuming *arguendo* that Defendant is correct and collateral estoppel precludes granting the relief Royal seeks, this argument concerns the claims' "particular factual context" and not their legal "nature."  Id.  While Royal's claims are based upon events that happened during the course of the Cool Partners bankruptcy proceedings, and in particular the approval of the Admiral settlement agreement by the Judge Hale, the claims are not intrinsically limited to this context.  Claims by an excess insurer against a primary insurer could easily arise in the absence of a bankrupt insured.  This proceeding does not arise in a title 11 case either for jurisdictional purposes.

The case does, however, "relate to" the Cool Partner's bankruptcy proceedings, and the Court will exercise jurisdiction on this basis.  The Third Circuit established a highly influential test to evaluate related-to jurisdiction in In re Pacor, Inc., 743 F.2d 984, 994 (3d Cir. 1984).  See In re Guild and Gallery Plus, 72 F.3d 1171, 1181 (3d Cir. 1996).  A case is related to a bankruptcy proceeding if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy."[1]  The Pacor test does not require a certain impact

---

[1] Pacor was overruled on other grounds by Things Remembered, Inc. v. Petrarca, 516 U.S. 124 (1995), but as has been  indicated on several occasions, its central holding on related-to jurisdiction is still the law in this circuit.  See, e.g., In re Federal-Mogul Global, Inc., 300 F.3d 368, 379-81 (3d Cir. 2002)

on the bankruptcy estate, but merely a conceivable impact.  See Belcufine v. Aloe, 112 F.3d 633, 636 (3d Cir. 1997).  That impact here comes from an indemnification agreement between Admiral and the Trustee of the Cool Partners bankruptcy estate.

An indemnification agreement does necessarily give rise to related-to jurisdiction.  In re Federal-Mogul Global, Inc., 300 F.3d 368, 379-84 (3d Cir. 2002); Steel Workers Pension Trust v. Citigroup, Inc., 295 B.R. 747, 752-53 (Bankr. E.D. Pa. 2003).  The question is one of directness–no jurisdiction exists where recovery from the estate through indemnification is contingent on the outcome of a subsequent lawsuit.  In re Federal-Mogul, 300 F.3d at 382.  If the indemnification claim has "matured" and will not require further litigation then it can be the basis of related-to jurisdiction.  In re Allegheny Health Educ. & Research Fdn., 383 F.3d 169, 175 n.7  (3d Cir. 2004).  This determination requires an evaluation of the indemnification agreement itself.  See, e.g., Hohl, 279 B.R. at 175 (examining indemnification provision for unconditionality); Abrams v. Gen. Nutrition Co., Civ. No. 06-1820 2006 WL 2739642, at *1, *6 (D.N.J. Sept. 25, 2006) (finding related-to jurisdiction because language in indemnification provision created automatic liability).

The indemnification agreement here is part of the settlement agreement between Admiral and the Trustee.  The relevant provision provides:

> The Trustee and the Insureds agree(s) and acknowledge(s) that the payment by Admiral of the Remaining Limits pursuant to Paragraph 2 of this Agreement fully exhausts the Policy and fully satisfies all obligations of Admiral under the Policy to the Insureds and the Trustee and Rosenthal Plaintiffs.  If, notwithstanding the exhaustion of the Policy pursuant to this Agreement, any Non-Party Individuals, their counsel, or Royal assert any claims against or otherwise seek any monetary or non-monetary legal relief (including any declaratory judgment) against Admiral pursuant to Paragraph 5 in connection with any matters that are the subject of the Released Claims, the Trustee shall indemnify and hold harmless Admiral and/or

> such third-party beneficiary against any loss related to such claims, including any reasonable attorneys' fees and costs incurred by Admiral an/or the third-party beneficiary as the result of such claims; Provided, however, (1) that the Trustee will not be required to reserve or save from distribution any sums from the estate to fund any possible indemnity obligation except for the amount of the escrow for unpaid defense costs detailed in Exhibit "A" hereto; and (2) that the total amount of indemnification obligations, if any, shall not exceed $2,000,000.

(Matousek Decl. Ex. 1-C.) Admiral has already contacted the Trustee to seek indemnity in connection with this action. (Matousek Decl. ¶ 28.)

Admiral's claim for indemnification from the estate is ripe. The agreement between Admiral and the Trustee clearly provides indemnification for Royal's claims in this case. Though the Trustee is not required to set aside funds for indemnification, only the $2 million cap provides any limitations on the ability of the Trustee to pay out indemnification claims from whatever remains of the bankruptcy estate. No interim lawsuit will be necessary in order for the bankruptcy estate to be affected. See, e.g., Belcufine, 112 F.3d at 636, In re Allegheny Health Educ. & Research Fdn., 383 F.3d at 175 n. 7; Hohl, 279 B.R. at 174-76 (discussing various indemnification situations and finding related-to jurisdiction based on unconditional grant of indemnity). Because this case will impact the bankruptcy estate, it is related to the bankruptcy case within the meaning of §1334(b), and federal subject matter jurisdiction exists.

### C. Abstention

Though the Court has jurisdiction, this does not end the inquiry. When a proceeding is in federal court because it is related to a case under title 11 and not arising under or in a case under title 11, the Court must evaluate whether mandatory abstention under § 1334(c)(2) applies. The Court concludes that abstention does apply here.

A district court must abstain from hearing a case under § 1334 if the following factors are

9

met: (1) the proceeding is based on a state law claim or cause of action, (2) the claim or cause of action is related to a case under title 11 but does not arise under title 11 or arise in a case under title 11, (3) there is no federal jurisdiction over the claim but for its relation to a bankruptcy case, (4) the action has been commenced in a state forum, and (5) the action can be timely adjudicated in that state forum.  28 U.S.C. § 1334(c)(2); Stoe, 436 F.3d at 213; see also Unavalores v. Bennett, Civ. No. 05-5859, 2006 U.S. Dist. Lexis 70836 (D.N.J. Sept. 29, 2006).  All the mandatory abstention factors are met here.

      First, as discussed above, Royal's claims are based on state law causes of action.  Second, the Court has already determined that this case is related to the Cool Partners bankruptcy proceedings, but does not arise under or arise in a case under title 11.  Third, because there is not diversity of citizenship between the parties, there would not be federal subject matter jurisdiction but for the relationship to the bankruptcy case.  Fourth, Royal began this case by filing a complaint in an appropriate state forum, the Superior Court of New Jersey in Camden County.  Though Admiral argues in its motion for a change of venue that New Jersey is an inconvenient forum because "nearly all of the witnesses, events, books, and records" are in the Northern District of Texas, Admiral does not argue that the New Jersey state court does not have jurisdiction.  (Def.'s Transfer Br. 8.)  Finally, Royal argues that there is no indication that the case cannot be timely adjudicated in the Superior Court of New Jersey, and Admiral does not argue otherwise.  (Pl.'s Remand Br. 9).  Because the Court concludes that abstention is mandatory here, consideration of equitable abstention is unnecessary.  The Court must abstain from exercising jurisdiction and as a result must remand the case to the Superior Court of New Jersey.

### D. Fees

Plaintiff Royal requests the Court to award it costs and attorneys' fees associated with Defendant Admiral's removal pursuant to 28 U.S.C. § 1447(c). The statute contains no standard by which to evaluate a request for costs and fees resulting from an unsuccessful bid for removal. Mints v. Educational Testing Service, 99 F.3d 1253, 1260 (3d Cir. 1996). The Supreme Court has clarified that the decision to award fees is left to the Court's discretion, and "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005). Defendant Admiral's removal petition was not lacking any objectively reasonable basis, and the Court denies Plaintiff Royal's request. See also Siebert v. Norwest Bank Minnesota, 166 Fed. Appx. 603 (3d Cir. 2006) (affirming district court's denial of fees where removal not insubstantial or frivolous).

### III. CONCLUSION

Though this case is related to the Cool Partners bankruptcy proceeding in the Northern District of Texas, mandatory abstention under § 1334(c)(2) applies and requires the Court to remand the case to the Superior Court of New Jersey. The Court declines to award Plaintiff fees or costs. An accompanying order will issue today.

Dated:   11/19/2007                                    /s/ Robert B. Kugler
                                                            ROBERT B. KUGLER
                                                            United States District Judge